Case 4:21-cv-02622 Document 5 Filed on 08/25/21 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, <br> TDCJ #1383329, <br><br> Plaintiff, <br><br> v. <br><br> BOBBY LUMPKIN, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-21-2622 |

**ORDER OF DISMISSAL**

State inmate Barry Emmett (TDCJ #1383329) is presently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Wynne Unit in Huntsville. Pending before the court is "[Plaintiff's] Motion For Leave to File Emergency [Lawsuit and Preliminary] Injunction" (Docket Entry No. 1). Emmett seeks leave to file a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 2), alleging that TDCJ Director Bobby Lumpkin, TDCJ Executive Director Bryan Collier, and Mailroom Supervisor Thompson have violated his rights under the First Amendment. He has also submitted a Motion For Leave to File Emergency Proceeding In Forma Pauperis (Docket Entry No. 3). Emmett's motions will be denied and this action will be dismissed for the reasons explained below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma

pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996), abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner cases") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)).

Court records reflect that Emmett is a recreational litigant who has filed more than 60 prisoner civil rights actions and at least 20 appeals in the federal courts. He has accumulated more than a dozen strikes for filing actions or appeals that were found to be frivolous: (1) Emmett v. Ebner, Civil No. 4:10-3611 (S.D. Tex. Oct. 7, 2010); (2) Emmett v. Hawthorn, Civil No. 4:10-4034 (S.D. Tex. Oct. 29, 2010); (3) Emmett v. Office of the Clerk of Court, Civil No. 7:10-156 (N.D. Tex. Nov. 1, 2010); (4) Emmett v. Thaler, Civil No. 4:10-2748 (S.D. Tex. Nov. 30, 2010); (5) Emmett v. Ebner, Appeal No. 10-20772 (5th Cir. April 29 2011); (6) Emmett v. Boyle, Civil No. 7:10-0193 (N.D. Tex. May 31, 2011); (7) Emmett v. Boyle, Civil No. 7:10-0194 (N.D. Tex. May 31, 2011); (8) In re:

Emmett, Civil No. 7:11-0021 (N.D. Tex. June 2, 2011); (9) Emmett v. McGuire, Appeal No. 10-10437 (5th Cir. June 10, 2011); (10) Emmett v. Allred Unit, Appeal No. 10-10715 (5th Cir. June 10, 2011); (11) Emmett v. Hawthorn, No. 11-20263 (5th Cir. Feb. 7, 2012); (12) Emmett v. TDCJ, Civil No. 4:11-2702 (S.D. Tex. May 16, 2012); (13) Emmett v. Tatsch, Civil No. 4:12-1775 (S.D. Tex. Nov. 26, 2012); (14) Emmett v. Swartz, Civil No. 7:11-49 (N.D. Tex. Sept. 30, 2014).

Because Emmett has well over three strikes he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g) unless he is in imminent danger of serious physical injury. To fit within this exception a prisoner must demonstrate that he is in imminent danger as of the time that he seeks leave to file his complaint or notice of appeal. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). The threat of harm must be "real and proximate," rather than remote in time. Ciarpaglini v. Siani, 352 F.3d 328, 330-31 (7th Cir. 2003). Likewise, "speculative and conclusory allegations are insufficient to make the showing required to avoid application of the three[-]strikes bar under § 1915(g)." Ortiz v. Collier, — F. App'x —, 2021 WL 3573830, at *1 (5th Cir. Aug. 12, 2021) (per curiam) (citing Banos, 144 F.3d at 884-85).

The primary claim asserted by Emmett in his proposed Complaint is that Director Lumpkin, Executive Director Collier, and Mailroom Supervisor Thompson have violated his rights under the First Amendment by implementing a policy that prohibits inmates from

-3-

possessing "pictures of women" and "magazines of women," referencing TDCJ's ban on "pornographic materials" (Docket Entry No. 2, pp. 4, 7). Emmett does not provide any facts showing that he is in imminent danger of serious physical harm as a result of the challenged prison policy.

Emmett's proposed Complaint also contains a litany of other rambling, disjointed allegations about an assortment of issues, including his affiliation with the Aryan Brotherhood, the lack of climate-controlled housing to accommodate his heat sensitivity, and an attempt by unidentified officers to poison him with arsenic on May 2, 2021 (Id. at 9-10, 12, 14). However, these allegations are conclusory at best and are not sufficient to satisfy the exception to the three-strikes bar found in § 1915(g). See, e.g., James v. Lewis, 776 F. App'x 242, 242 (5th Cir. Aug. 29, 2019) (per curiam) (concluding that leave to proceed IFP was "improvidently granted" because the plaintiff's conclusory assertions were insufficient to establish an imminent danger of serious physical injury); Cloud v. Stotts, 455 F. App'x 534, 535 (5th Cir. Dec. 29, 2011) (concluding that "bare assertions" about past threats were insufficient to show an imminent danger of serious physical injury at the time the complaint was filed); Emmett v. TDCJ Corp., Civil Action No. 6:21-CV-00002-JDK, 2021 WL 259608, at *2 (E.D. Tex. Jan. 6, 2021) (concluding that Emmett's generalized concerns about arsenic poisoning could not be characterized as posing an imminent danger of serious physical injury), report and recommendation adopted,

-4-

Emmett v TDCJ-CID, Case No. 6:21-cv-002-JDK-JDL, 2021 WL 244702 (E.D. Tex. Jan. 25, 2021). Because Emmett does not demonstrate that he fits within the exception to the three-strikes rule, this action will be dismissed as barred by § 1915(g).

Accordingly, the court **ORDERS** as follows:

1. The Plaintiff's Motion For Leave to File Emergency Lawsuit and Preliminary Injunction (Docket Entry No. 1) and the Motion For Leave to File Emergency Proceeding In Forma Pauperis filed by Barry Emmett (Docket Entry No. 3) are **DENIED,** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Emmett may file a Motion to Reinstate this case only if he pays the filing fee ($402.00) within **thirty days** of the date of this Order.

**The Clerk will provide copies of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 25th day of August, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE